EASTERN AMUSEMENT, INC., et al., Appellants,

v.

STATE of Tennessee ex rel. Robert H. GAY, District Attorney General, Appellee.

Supreme Court of Tennessee.

April 4, 1977.

Frierson M. Graves, Jr., Memphis, W. Howell Forrester, Pulaski, for appellants.

William C. Koch, Jr., Asst. Atty. Gen., for appellee; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

BROCK, Justice.

This is an action by the State brought under the 1974 Obscenity Statute, codified as T.C.A., §§ 39–3010—39–3022, seeking to enjoin the further exhibition of two motion pictures, designated in the record as "Malte" and "Suburban Swap." The trial court found the films to be obscene and permanently enjoined their further exhibition. The defendants, all of whom were involved in exhibiting the films in a theatre at Ardmore, Tennessee, have appealed.

All but one of the assignments of error raise issues of law which this Court considered and decided in *Taylor v. State ex rel. Kirkpatrick,* Tenn., 529 S.W.2d 692 (1975). Accordingly, those assignments are overruled upon the authority of the *Taylor* decision and for the reasons therein stated.

This civil action was begun by the filing of a complaint which alleged that the films were obscene and were being exhibited to the public. Detailed allegations were made

to support the charge of obscenity. The complaint was sworn to by the District Attorney General and was further supported by two affidavits exhibited to it which were made by the City Attorney of Ardmore and an Assistant District Attorney General.

Upon the filing of the complaint, the trial judge forthwith issued an order as authorized by T.C.A., § 39–3019, (1) restraining the defendants from "removing, destroying, deleting, splicing, amending or otherwise altering the matter alleged to be obscene," and (2) requiring the defendants to appear before the court one week later to show cause, if any they had, why a temporary restraining order should not be issued prohibiting further exhibition of the films until the final hearing. At this point, the court did not in anywise interfere with the continued exhibition of the films; in fact, defendants were not placed under such restraint until the films had been viewed in their entirety by the trial judge and an advisory jury at the final hearing and found to be obscene following a complete adversary hearing.

Defendants responded to the complaint by filing a motion to dismiss upon grounds that the two supporting affidavits were inadequate because (1) affiants had viewed only portions of the films and (2) their statements were "conclusory" and not sufficiently specific. The trial judge overruled this motion, thus furnishing the basis for the only assignment of error which we need to discuss in detail in this opinion.

■ We hold this assignment to be without merit. The affidavits were completely adequate for the purpose for which they were used. T.C.A., § 39–3019, empowers trial judges to issue such temporary restraining orders, temporary and permanent injunctions and other writs and processes as they deem appropriate ". . . upon application by sworn detailed petition filed by the district attorney general . . .." This grant of power is modified by the following provision of the same section, to wit:

"However, this section shall not be construed to authorize the issuance of ex parte temporary injunctions preventing further regularly scheduled exhibition of motion picture films by commercial theatres, such injunction to issue only upon at least one (1) day's notice, but the court may immediately forbid the removing, destroying, deleting, splicing, amending or otherwise altering the matter alleged to be obscene."

■ The complaint herein constituted a "sworn detailed petition," and, thus, complies with the statute. There is no constitutional or statutory requirement, as insisted by defendants, that affidavits filed in support of such a petition be made by witnesses who have viewed the subject film in its entirety, nor that such affidavits contain detailed descriptions of every scene in the film. No final determination of obscenity is based upon such affidavits and petition alone; neither is further exhibition of the film restrained upon such evidence alone. The petition and supporting affidavits merely furnish the basis for (1) issuing a temporary restraining order preserving the films, (2) setting a show cause hearing to determine whether a temporary injunction restraining further exhibition is to issue and (3) issuing a summons requiring defendant to answer. For this purpose, the petition and affidavits need only to furnish probable cause for believing that the subject film is legally obscene. The petition and affidavits in this case meet that test. The procedure followed by the trial court scrupulously afforded to defendants their rights in this regard. *Heller v. New York,* 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973).

We find no error and, accordingly, affirm the judgment of the trial court. Appellants will pay the costs incurred by this appeal.

COOPER, C. J., and FONES and HARBISON, JJ., concur.

HENRY, J., not participating.